UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| TERRY RATHKE, for BOYD RATHKE, deceased,<br><br>            Plaintiff,<br><br>   vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration,<br><br>          Defendant. | CIV. 13-5076-JLV<br><br><br>ORDER REVERSING AND REMANDING DECISION OF THE COMMISSIONER |

## INTRODUCTION

Before the court is defendant's motion for the court to enter a judgment
with an order of reversal and remand of the cause to the Commissioner of the
Social Security Administration ("Commissioner") for further administrative
proceedings. (Docket 24). Plaintiff opposes the motion and requests an
order granting benefits immediately or, in the alternative, a substantive
review of the decision of the Administrative Law Judge ("ALJ"). (Docket 26).

## PROCEDURAL HISTORY

The parties agreed on the procedural history of the case outlined by
Magistrate Judge Duffy in her report and recommendation.[1] (Docket 18 at
pp. 1-2); see also Rathke v. Astrue, Commissioner of Social Security
Administration, CIV. 08-5084-JLV, Docket 22 at pp. 3-5 (hereinafter Rathke

---

[1]The court sites to information in the administrative record by referencing
"AR, p. ___." The parties filed a Joint Statement of Material Facts ("JSMF").
(Docket 18).

I).   The court adopts and incorporates the procedural history in this case as described by Judge Duffy.   The court only notes procedural matters occurring after the issuance of the magistrate judge's report and recommendation.   Judge Duffy recommended the district court affirm the decision of the Social Security Administration ("SSA") denying benefits to Mr. Rathke.   Rathke I at 92, Docket 22 at p. 92.

On March 26, 2010, this court adopted in part and rejected in part the magistrate judge's report and recommendation.   Rathke I, Docket 27 at p. 12. The court sustained in part, overruled in part and reserved ruling in part on Mr. Rathke's objections to the ALJ's decision.   Id.   The court reversed the decision of the Commissioner and remanded the case to the Commissioner for further administrative action under sentence four of 42 U.S.C. § 405(g).   Id.   The court instructed the ALJ to "further develop the record and issue a new decision."   Id. The court overruled Mr. Rathke's objections to the magistrate judge's recommended denial of his claim for Title II benefits.   Id. at 11.   Mr. Rathke did not timely appeal the court's decision.   (Docket 21 at p. 3).[2]   Mr. Rathke's only remaining claim is for supplemental security income ("SSI") benefits under Title XVI.[3]   See Rathke I, Docket 27 at pp. 11-12; see also Docket 21 at p. 3.

---

[2]The court's citations to "Docket" refer to the court's online docket for Mr. Rathke's current case, CIV. 13-5076-JLV.

[3]Mr. Rathke's Title XVI claim for SSI benefits was made on February 24, 2003, and alleged a disability onset date of March 15, 1993.   Rathke I, Docket 22 at p. 4.

During the pendency of Mr. Rathke's 2008 appeal to the district court, he applied for disability benefits for a fourth time on December 24, 2008. (Docket 18 at p. 2). His claim was denied on application on July 28, 2009, and on reconsideration on October 16, 2009. Id. Mr. Rathke subsequently requested a hearing. Id. Following this court's March 26, 2010, remand of Mr. Rathke's appeal, the cases were consolidated by order of the Appeals Council. Id. A second administrative hearing was held before ALJ James Olson and a decision denying Mr. Rathke's February 24, 2003, application for SSI benefits issued. Id.; see also AR, p. 894.

Mr. Rathke timely filed a request for review and written exceptions, and he submitted additional evidence to the Appeals Council. (Docket 18 at p. 2). The Appeals Council declined review. Mr. Rathke appealed his claim to this court for a second time. Id.; see also Docket 1. During the pendency of the Appeals Council review, Mr. Rathke passed away, and his widow, Terry Rathke, brings the current action on behalf of her deceased husband as a substituted party. (Docket 18 at p. 2).

The Commissioner filed a motion for the court to enter a judgment with an order of reversal and remand of the claim to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Docket 24). Ms. Rathke resists the motion and filed her own motion seeking to reverse the Commissioner's decision and requesting an award of benefits. (Dockets 21 & 26). Ms. Rathke contends the court lacks authority to remand

the case under sentence four of 42 U.S.C. § 405(g) without a substantive ruling in the case and, in the alternative, requests that the court enter a judgment reversing the Commissioner with a substantive ruling regarding the correctness of the ALJ's decision.   (Docket 26 at p. 4).

For the reasons set out below, Ms. Rathke's motion is granted in part and denied in part and the Commissioner's motion is granted.

## FACTUAL HISTORY

The parties' JSMF (Docket 18) is incorporated by reference, as is Judge Duffy's prior iteration of the facts.   Id. at pp. 3-4; see also Rathke I, Docket 22 at pp. 6-51.   Further recitation of salient facts is included in the discussion section of this order.

## DISCUSSION

Under sentence four of 42 U.S.C. § 405(g), the court has the power "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."   42 U.S.C. § 405(g).

After reviewing the administrative record in Mr. Rathke's case, the Commissioner concedes further administrative action is warranted.   (Docket 25).   The Commissioner informs the court that, on remand, "the ALJ will be instructed to further evaluate Mr. Rathke's subjective complaints and the opinion evidence, reassess Mr. Rathke's residual functional capacity, and take the actions set forth in the March 26, 2010 Order from the United States

District Court, District of South Dakota." Id. at 1-2. Because of the specific nature of the Commissioner's motion for remand, the court limits its analysis to those matters necessary to justify remanding the case for a second time. Each of the Commissioner's asserted grounds for the remand is addressed in turn.

1. **ALJ Olson's August 18, 2011, Decision**

   a. **Mr. Rathke's Subjective Complaints**

In the court's March 26, 2010, order in Rathke I reversing and remanding the decision of the Commissioner, the court noted several areas in which the first ALJ's determination regarding Mr. Rathke's credibility was either not supported by substantial evidence or required a subsequent administrative proceeding to fully develop the record before a proper determination could be made. Rathke I, Docket 27 at pp. 4-8. These areas were: the ALJ's determination that Mr. Rathke was not credible due to infrequent doctor visits; the ALJ's determination that Mr. Rathke was not credible due to his use of marijuana to maintain his weight; the ALJ's failure to consider Mr. Rathke's indigency when discrediting his credibility;[4] and the ALJ's determination that Mr. Rathke failed to follow prescribed treatment for his Hepatitis C without good cause. Id.

_____

[4]The court's analysis in this regard encompasses both Mr. Rathke's third and fifth objections to the magistrate judge's report and recommendation. See Rathke I, Docket 27 at pp. 4-5.

ALJ Olson's August 18, 2011, assessment of Mr. Rathke's credibility is best understood in his own words:

> [Mr. Rathke] is not participating in any therapy or counseling. He takes psychotropic medications from his treating doctor (not a psychiatrist or psychologist). His treating physician [Dr. Falkenburg] has indicated that she is frustrated with the claimant when he stops taking medications on his own. . . . The claimant has refused treatment for depression. There are references that he cannot take Interferon because of his depression. That is self-serving. She [Dr. Falkenburg] does not address his marijuana usage or the effect of this depressant on his overall treatment. Contrary to the opinion of the District Court Judge, the undersigned does not believe [Mr. Rathke] when he states that he uses it for his weight control. He has responded to other medications and his appetite has improved . . . . [Mr. Rathke's] poor dentition is as relevant to his eating as his marijuana use. [Mr. Rathke] has moved several times since he filed this claim. He has a very poor work history with no reported earnings since 2001. [Mr. Rathke] has chosen to isolate himself and to not work. He refuses to follow through on treatment and medication. He is not credible on his allegations.

(AR, p. 892).

ALJ Olson's assessment of Mr. Rathke's credibility *on remand* leaves the court in the same position it was in prior to its March 26, 2010, order when it remanded Mr. Rathke's case the first time.

With regard to Mr. Rathke's marijuana use, ALJ Olson determined "[c]ontrary to the opinion of the District Court Judge, the undersigned does not believe the claimant when he states that he uses it for his weight control." Id. This determination is contrary to the law-of-the-case doctrine. See Hulsey v. Astrue, 622 F.3d 917, 924 (8th Cir. 2010); see also Brubaker v.

6

<u>Carolyn W. Colvin, Acting Commissioner, Social Security Administration</u>, CIV. 13-5031-JLV, Docket 28 at pp. 8-11.

"The law-of-the-case doctrine generally prevents relitigation of an issue previously resolved, and requires courts to adhere to decisions rendered in earlier proceedings. This doctrine applies to administrative agencies on remand." <u>Hulsey</u>, 622 F.3d at 924 (citing <u>Brachtel v. Apfel</u>, 132 F.3d 417, 419 (8th Cir. 1997)). The law-of-the-case doctrine "applies to decisions made by appellate courts and final decisions made by district courts that have not been appealed." <u>Gander Mountain Co. v. Cabela's, Inc.</u>, 540 F.3d 827, 830 (8th Cir. 2008).

The court sustained Mr. Rathke's objection to the magistrate judge's report and recommendation and found "Mr. Rathke's assertion that marijuana helps maintain his weight is no less credible than the ALJ's implied assertion that Mr. Rathke can maintain his weight without marijuana." <u>Rathke I</u>, Docket 27 at p. 5. No appeal was filed in the case following the court's March 26, 2010, order. No new or additional evidence concerning a material improvement in Mr. Rathke's physical or mental condition was uncovered. Mr. Rathke's condition appears to have worsened as he passed away on April 15, 2013. (Docket 21-1). ALJ Olson's disbelief of Mr. Rathke's asserted reasons for ingesting marijuana was an improper basis on which to assess Mr. Rathke's credibility as the issue was already resolved by this court.

With regard to the frequency with which Mr. Rathke sought medical treatment, ALJ Olson determined Mr. Rathke "refuse[d] to follow through on treatment and medication." (AR, p. 892). In its March 26, 2010, order, the court instructed the Commissioner to further develop the record on what affect Mr. Rathke's indigency had on his ability to visit the doctor and to seek and obtain treatment. (Docket 27 at pp. 4-5); see also Tome v. Schweiker, 724 F.2d 711, 714 (8th Cir. 1984) ("[A] lack of sufficient financial resources to follow prescribed treatment to remedy a disabling impairment may be . . . an independent basis for finding justifiable cause for noncompliance."). Nowhere in the decision did the ALJ discuss the effect of Mr. Rathke's indigency on his ability to seek medical treatment as instructed by the court.

The court finds the ALJ failed to fully develop the record on this issue. See Rathke I, Docket 27 at p. 5 ("The record is inadequate to determine if justifiable cause exists for any alleged noncompliance with treatment."). Therefore, the ALJ's consideration of Mr. Rathke's alleged failure to follow through on treatment and medication, without more, was an improper basis on which to assess Mr. Rathke's credibility.

With regard to Mr. Rathke's position that he could not use the medication Interferon to treat his Hepatitis C because of his depression, the ALJ found the representation to be self-serving. (AR, p. 892). In its March 26, 2010, order, the court instructed the Commissioner to further develop the record to determine whether Mr. Rathke's failure to treat his Hepatitis C was supported by good

reason.  <u>Rathke I</u>, Docket 27 at p. 8; <u>see also</u> 20 C.F.R. § 416.930.   No further

record was developed in the ALJ's August 18, 2011, decision.   The ALJ provided

no support for his finding that Mr. Rathke's asserted inability to take Interferon

to treat his Hepatitis C was self-serving.   Indeed, the opposite appears to be true

as the ALJ determined that among other severe impairments, Mr. Rathke

suffered from depression.   (AR, p. 881).   On August 25, 2009, Dr. Falkenburg

opined, "[i]n regard to his hepatitis C, his last viral load was in 2006 because he

cannot afford to have the testing done.   His weight has gone done steadily from

about 150 in 2003 to 129 pounds."   (Docket 18 at ¶ 57).

Mr. Rathke's progress notes dated December 17, 2004, include

the notation, "[h]e comes in for a follow up of some chronic medical conditions

including Hep C, which he is not receiving any therapy for.   He has had major

depression in the past and therefore is not a good candidate for Interferon.   He

also does not want chronic treatment for Hep C."   (AR, p. 705); <u>see</u> <u>also</u> <u>Rathke I</u>,

Docket 27 at pp. 6-8 (identifying additional medical records indicating that Mr.

Rathke not a good candidate to take Interferon to treat his Hepatitis C because of

his depression).

The ALJ failed to fully develop the record on this issue as instructed by the

court.   <u>See</u> <u>Rathke I</u>, Docket 27 at p. 8 ("[T]he record must be developed further

to determine if Mr. Rathke has such 'good reason' " for failing to follow the

prescribed treatment for his Hepatitis C.).   Without more, the ALJ's assessment

of Mr. Rathke's credibility based on his failure to treat his Hepatitis C was

improper.

The ALJ determined "the claimant's statements concerning the intensity, persistence and limiting effects of [his] symptoms not credible to the extent they are inconsistent with the . . . residual functional capacity assessment" promulgated by the ALJ. (AR, p. 889). Based on the previously identified deficiencies in the record, the court questions how the ALJ was able to reach this conclusion. The ALJ made no attempt to explain how Mr. Rathke's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," while his statements describing his symptoms "are not credible to the extent they are inconsistent" with the residual functional capacity ("RFC") as determined by the ALJ. Id. The ALJ's lack of analysis on this issue is disconcerting in light of the similarities between Mr. Rathke's statements and those of his treating physician, Dr. Falkenburg, which the ALJ accorded no weight, see id., while he accorded substantial weight to the opinions of Dr. Enright, a non-examining psychologist. (AR, p. 887).

The ALJ further assessed Mr. Rathke's credibility based on the fact that Mr. Rathke "moved several times since he filed this claim. [Mr. Rathke] has a very poor work history with no reported earnings since 2001. [Mr. Rathke] has chosen to isolate himself and to not work." (AR, p. 892). The ALJ's inclusion of these factors does not cure his failure to consider the other circumstances bearing on Mr. Rathke's credibility, especially after the court instructed the ALJ to more fully develop the record on those matters.

With regard to Mr. Rathke's work history and isolation, the ALJ gave no indication whether Mr. Rathke's diagnosed inability to interact with others or with the public in general was considered. (Docket 18 at ¶¶ 14, 40 (Dr. Dickerson), 96 (Dr. Falkenburg), 102 (Dr. Falkenberg), 106 (Dr. R. Hilston), 122 (Dr. Pelc) & 133 (Dr. Pelc)). These sources lend support to Mr. Rathke's statements regarding the intensity, persistence and limiting effects of his symptoms. Before the court can properly assess Mr. Rathke's credibility on the basis of his work history and isolation, the Commissioner must more fully develop the administrative record clarifying the cause of these issues.

The court finds the ALJ's assessment of Mr. Rathke's credibility is not supported by substantial evidence in the record. The court remands the case to the Commissioner to *further* develop the record in accord with the foregoing analysis in this opinion and in its March 26, 2010, opinion.[5]

**b.    Opinion Evidence**

The court interprets the "opinion evidence" addressed in the Commissioner's memorandum as a reference to the opinions of various doctors,

---

[5]Because the court remands the case to the Commissioner to further develop the record and reassess Mr. Rathke's credibility in light of the aforementioned considerations, the court reserves ruling on the issue of whether the ALJ failed to consider Mr. Rathke's combined pain and mental impairments. This analysis requires the court to consider whether the ALJ improperly discounted Mr. Rathke's subjective complaints of disabling pain, an analysis which the court already determined requires information not yet supplied by the ALJ. Rathke I, Docket 27 at pp. 8-9. Having been twice informed of the information required to resolve this issue, the court expects the Commissioner will develop the record as instructed.

healthcare professionals and vocational experts mentioned in the ALJ's decision. (Docket 25). Although the court reserves ruling on Mr. Rathke's objections to the ALJ's consideration of the opinions of certain healthcare professionals and vocational experts, see infra, the court addresses the ALJ's decision to accord the opinions of Mr. Rathke's treating physician, Dr. Falkenburg, no weight. (AR, pp. 887, 889). With regard to Mr. Rathke's mental disabilities, the ALJ rejected Dr. Falkenburg's opinions because:

1. Her opinions are not well supported by objective psychological medical evidence.

2. Dr. Falkenburg's opinions conflicted with the medical assessment form which she also completed.

3. The ALJ gave more weight to Dr. Falkenburg's medical narratives than the SSA stock medical assessment she completed.

4. Dr. Falkenburg's failure to note Mr. Rathke's narcotic withdrawal when completing Mr. Rathke's mental assessment.

See Docket 18 ¶ 227-28; see also Docket 21 at p. 15 (The court notes the Commissioner did not object to Mr. Rathke's characterization of the ALJ's rationale for rejecting Dr. Falkenburg's opinions.).

The court's analysis begins with the oft-cited principle that a treating physician's opinions are to be afforded special deference. See, e.g., Gillette v. Barnhart, 291 F. Supp. 2d 1071, 1077 (D.N.D. 2003), aff'd, 106 F. App'x 515 (8th Cir. 2004). "As a general matter, the report of a consulting physician who examined a claimant once does not constitute substantial evidence upon the record as a whole, especially when contradicted by the evaluation of the

12

claimant's treating physician." Wagner v. Astrue, 499 F.3d 842, 849 (8th Cir. 2007) (internal quotations and citations omitted). However, "[a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." Renstrom v. Astrue, 680 F.3d 1057, 1064 (8th Cir. 2012) (internal quotation marks and citations omitted).

Here, the ALJ entirely disregarded Dr. Falkenburg's opinions. (AR, pp. 887, 889). He did so in part based on his rationale that "Dr. Falkenburg's characterization of the claimant's limitations in mental work-related activities to in the extreme categories [sic] is not supported by any evidence. If accurate, it would necessitate *institutionalization.*" Id. at 892 (emphasis added). No doctor, medical professional, or relevant expert offered such testimony. This statement is entirely the ALJ's opinion and is not a proper basis to discredit the opinion of the treating physician. See Pate-Fires v. Astrue, 564 F.3d 935, 947 (8th Cir. 2009) (An "ALJ playing doctor [is] a practice forbidden by law.") (internal quotation marks and citations omitted).

The court is troubled by the ALJ's cavalier attitude toward mental illnesses where symptom-free periods, or periods of remission, are common and are characteristic of a mental illness. Andler v. Chater, 100 F.3d 1389, 1393 (8th Cir. 1996). "Unlike many physical impairments, it is extremely difficult to predict the course of mental illness. Symptom-free intervals and brief

13

remissions are generally of uncertain duration and marked by the impending possibility of relapse." Id. (citations omitted). This is why with "mental disorders, the Commissioner's decision 'must take into account evidence indicating that the claimant's true functional ability may be substantially less than the claimant asserts or wishes.' " Hutsell v. Massanari, 259 F.3d 707, 711 (8th Cir. 2001) (quoting Parsons v. Heckler, 739 F.2d 1334, 1341 (8th Cir. 1984)).

Although Dr. Falkenberg's primary specialty is family medicine, she treated Mr. Rathke for nearly fourteen years (Docket 18 at ¶¶ 46-55, 57, 63-67) including sixteen visits during a 33-month period from 2003 to 2006. Rathke I, Docket 27 at p. 4. Contrary to the ALJ's finding that "no medical records [documenting Mr. Rathke's contact with Dr. Falkenburg] appear from January 2004 through . . . February 2005, the date of [Mr. Rathke's] mental assessment," (AR, p. 887), such records do exist. Mr. Rathke presented to Dr. Falkenburg on at least two separate occasions from January 2004 to February 2005. (AR, pp. 705, 708).

While the ALJ was free to discount or even disregard Dr. Falkenburg's opinions regarding Mr. Rathke's mental disability where "other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions," Renstrom, 680 F.3d at 1064 (8th Cir. 2012), the ALJ provided little, if any, analysis demonstrating that this was the case here.

14

For example, in the ALJ's determination to accord substantial weight to the opinions of Dr. Enright, a non-examining psychologist, the ALJ stated only that Dr. Enright "considered all of the pertinent evidence in this claim, including opinions of treating and other examining sources and the claimant's testimony and reports through the date of the hearing. Dr. Enright provided testimony and explanations for his opinions." (AR, p. 887).

Based on this explanation, the court fails to see how Dr. Enright's assessment is supported by better or more thorough evidence, especially where the "weight given to a treating physician's opinions is directly proportional to the length of the relationship between the claimant and the physician and the frequency of visits." (AR, p. 887). In light of the on again–off again nature of mental illness and the short explanation of the purported inconsistencies with Dr. Falkenburg's opinions (AR, pp. 887, 889), the court is unable to determine whether Dr. Falkenburg's opinions are inconsistent with her progress notes or are merely reflections of Mr. Rathke's mental illness. See Docket 18 at ¶¶ 51, 53, 58, 60, 63. The ALJ must provide more than general assertions that Dr. Falkenburg's opinions and notes are inconsistent before entirely disregarding her opinions as Mr. Rathke's treating physician.

The court finds the ALJ's decision to accord Dr. Falkenburg's opinions no weight is not supported by substantial evidence in the record. The court remands for resolution of this issue by the Commissioner through further administrative proceedings consistent with the above analysis.

### c.    Mr. Rathke's Residual Functional Capacity

Because the court found the ALJ's evaluation of Mr. Rathke's credibility was not supported by substantial evidence, that the record required further development, and the ALJ's determination that Dr. Falkenburg's opinions regarding Mr. Rathke's mental disability should be given no weight as not supported by substantial evidence, the court finds the ALJ's assessment of Mr. Rathke's RFC is not supported by substantial evidence.   See Goff v. Barnhart, 421 F.3d 785, 793 (8th Cir. 2005) ("The ALJ must assess a claimant's RFC based on all relevant, credible evidence in the record, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations.") (citations and internal quotation marks omitted). The matter is remanded to the Commissioner to reassess Mr. Rathke's RFC consistent with this opinion and the court's March 26, 2010, opinion.

### d.    Take the Actions Set Forth in this Court's March 26, 2010, Order

As has been shown in the preceding sections, the ALJ failed to perform many of the actions required by this court's March 26, 2010, order.   In addition to the areas identified, the court reminds the next ALJ that an administrative hearing is not an adversarial proceeding and the ALJ has a duty to fully and fairly develop the facts of the case.   See Hildebrand v. Barnhart, 302 F.3d 836, 838 (8th Cir. 2002); Compare AR, p. 890 (Mr. Rathke was "helping build a cabin, performing such tasks as insulating and installing drywall.") with AR, p. 775,

(Mr. Rathke described his actions as giving his neighbor, who is building a cabin for Mr. Rathke's mother, "a hand for a little bit until I feel like I can't take anymore.") and AR, pp. 792-93 (describing Mr. Rathke's participation in the construction of the cabin as limited to a discrete occasion where he held one end of a piece of drywall while someone else placed screws into it). The court remands the case to the Commissioner to take all actions set forth in the court's March 26, 2010, order including further developing the record where appropriate. See Hildebrand, 302 F.3d at 838.

**2.    Issues on which the Court Reserves Ruling**

As was previously noted, the court finds itself in the same position it was in on March 26, 2010, namely that further administrative action is necessary to sufficiently develop the record to a point at which the court can properly analyze Mr. Rathke's claims. The court sympathizes with the position Ms. Rathke has been placed in, however, the court is in no better circumstances to adjudicate his claim than it was on March 26, 2010. See Docket 27 at pp. 8-9, 11 (The court explicitly reserved ruling on whether: the ALJ failed to consider the combined effect of Mr. Rathke's pain and mental impairment at step three of the five-step sequential process; the weight the ALJ assigned to medical evidence; the appropriateness of the ALJ's rationale in discrediting Dr. Dang's opinion; and items noted but not discussed by the ALJ).

In light of the court's determination that a remand is necessary, the court also reserves ruling on any issues raised in Ms. Rathke's motion to reverse the

decision of the Commissioner but not considered in this opinion.   (Docket 21).

Specifically, the court reserves ruling on whether the ALJ's determination that

Mr. Rathke "does not have an impairment or combination of impairments that

meets or medically equals the severity of one of the listed impairments" (AR, p.

882) is supported by substantial evidence in the record in light of the opinions of

Dr. Dickerson and Dr. Gilbertson.   <u>See</u> Docket 21 at pp. 22-27 (Ms. Rathke

argues that the opinions of Doctors Dickerson and Gilbertson support a finding

that Mr. Rathke suffered from a listed impairment, specifically, the A and B

criteria of Listing 12:02 – organic brain injury.

The court reserves ruling on whether Dr. Pelc's opinions are supported by

substantial evidence until the ALJ provides a new opinion.   <u>Id.</u> at 27-30.

Having determined that a remand is required, the court finds the concerns raised

by Ms. Rathke in this regard are best taken up by the ALJ at the administrative

hearing.

**3.     Ms. Rathke's Opposition to the Commissioner's Motion**

Ms. Rathke asks the court to reverse the decision of the Commissioner

with an instruction to grant Mr. Rathke benefits.   <u>Id.</u> at 31.   However, the

court reserved ruling on many issues in its March 26, 2010, order which went

unanswered in the ALJ's August 18, 2011, decision.   In this order, the court

was again forced to reserve ruling on substantive issues pending an ALJ's

further development of the record.   The ALJ failed to develop the record as

instructed by the court in its March 26, 2010, order.   The court concludes

the ALJ's assessment of Mr. Rathke's credibility, the decision not to afford Dr. Falkenburg's opinions any weight, and the RFC assessment were not supported by substantial evidence.

An immediate award of benefits is not appropriate at this juncture. See Reed v. Barnhart, 399 F.3d 917, 924 (8th Cir. 2005) (Case remanded to Commissioner when improper weight was given to claimant's treating physician by ALJ); Chitwood v. Bowen, 788 F.2d 1376, 1378 (8th Cir. 1986) (case remanded so ALJ could give appropriate weight to the medical evidence and determine applicant's RFC); Brubaker, CIV. 13-5031-JLV, Docket 28 (remanding the case where the court found the administrative record was incomplete after the ALJ failed to follow the court's instructions in a prior remand); Allen v. Astrue, No. CIV. 08-5034-KES, 2009 WL 44207, at *1 (D.S.D. Jan. 6, 2009) (case remanded after the ALJ failed to "give good reasons for the weight given to the treating physician's evaluation." (internal quotation marks and citations omitted)).

Ms. Rathke asserts Brown v. Barnhart, 282 F.3d 580 (8th Cir. 2002) leaves the court without authority to enter a summary order remanding the case under sentence four of 42 U.S.C. § 405(g). (Docket 26). However, unlike the court in Brown, this court will not enter a summary order, but rather a substantive ruling reversing the decision of the Commissioner and remanding the case for further administrative proceedings consistent with this opinion and the court's March 26, 2011, opinion. See Allen, 2009 WL

44207, at *1. The court's action is consistent with its authority under sentence four.

## CONCLUSION

The court finds the administrative record is not yet complete in this case. The court finds the Commissioner must further develop the administrative record in accord with the court's findings, reassess Mr. Rathke's credibility, reassess the weight given to Dr. Falkenburg's opinions, reassess Mr. Rathke's RFC, and follow the court's instructions as identified in this order and the court's March 26, 2010, order.

For these reasons, the court finds the ALJ's decision dated August 18, 2011, that Mr. Rathke was not disabled is not supported by substantial evidence. 42 U.S.C. § 405(g); Choate v. Barnhart, 457 F.3d 865, 869 (8th Cir. 2006) ("Substantial evidence is evidence that a reasonable mind would find adequate to support the decision of the Commissioner."). As a result, the court finds the matter must be remanded for further administrative proceedings in accord with this decision and the court's order dated March 26, 2010.

## ORDER

Based on the above discussion, it is

ORDERED that plaintiff's motion to reverse the decision of the Commissioner (Docket 21) is granted in part and denied in part.

IT IS FURTHER ORDERED that the Commissioner's motion for remand (Docket 24) is granted.

IT IS FURTHER ORDERED that, pursuant to sentence four of

42 U.S.C. § 405(g), the case is remanded to the Commissioner for rehearing

consistent with this order and the court's order of March 26, 2010.

Dated September 4, 2015.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
CHIEF JUDGE